IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| TERRY SNIPES | § | PLAINTIFF |
| --- | --- | --- |
| | § | |
| V. | § | Civil No.1:08CV1512HSO-JMR |
| | § | |
| CSX TRANSPORTATION | § | DEFENDANT |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND

BEFORE THE COURT is the Motion to Remand [3] of Plaintiff Terry Snipes. Defendant CSX Transportation ("CSX") filed a Response [5] and Plaintiff a Rebuttal [6]. After consideration of the Motion, the pleadings, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that the Motion should be granted in part and denied in part.

### I. BACKGROUND

Plaintiff filed his Complaint on or about August 28, 2007, in the County Court of Harrison County, Mississippi, against CSX, alleging that its actions on August 28, 2005, caused the destruction of his 44 foot boat during Hurricane Katrina, which struck the Mississippi Gulf Coast on August 29, 2005. On December 24, 2008, CSX removed the case to this Court on grounds that the amount in controversy exceeded $75,000.00, exclusive of interest and costs, and that this Court had subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Plaintiff now seeks to remand this case, contending that removal was untimely. Plaintiff also seeks attorney's fees.

## II. **DISCUSSION**

28 U.S.C. § 1441 provides for the removal of civil actions brought in a state court of which the district courts have original jurisdiction. *See* 28 U.S.C. § 1441. Section 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and where there is diversity of citizenship. *See* 28 U.S.C. § 1332. There is no serious dispute in this case that the parties are diverse. The parties instead disagree about when it first became apparent that the amount in controversy exceeded $75,000.00, making this case removable.

Section 1446 governs the procedure for removal. Subpart (b) provides in part that:

> [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable....

28 U.S.C. § 1446(b).

A plain reading of Plaintiff's initial Complaint demonstrates that the case was not initially removable. Plaintiff contends that the operative date for determining timeliness of removal is either January 29, 2008, when Plaintiff responded to Defendant's First Set of Interrogatories, or February 26, 2008, when Plaintiff responded to Defendant's Requests for Production of Documents. Using either of these dates, Defendant's Notice of Removal, filed on December 24, 2008, would have been untimely. Defendant counters that the proper date to consider for removal

purposes was December 3, 2008, the date on which Plaintiff produced certain documents reflecting his damages.[1]

The Fifth Circuit has held that "the information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). A response to a discovery request may constitute an "other paper" from which it may be first ascertained that the case is one which is or has become removable. *See Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992) (interrogatory answer is an "other paper").

In its First Set of Interrogatories propounded to Plaintiff, CSX requested that Plaintiff "state in itemized form all damages [he was] claiming in this lawsuit." Def.'s First Set of Interrogs., attached as Ex. "A" to Pl.'s Mot. Plaintiff, proceeding *pro se*[2] at the time, replied on January 29, 2008:

> [t]otal loss of 44 foot fiberglass commercial fishing boat, and 671 detroit diesel engine, 73c velvet drive transmission, 3 spool alumni winch with hydraulic pump and motor, two 35 foot out booms and all steal [sic] pipes to support them, (all cable, chain, rope other gear to support steel a-frame structure that booms were attached to. There is a boat building in Louisiana that builds fiberglass work boats for 2,500.00 per foot in length,

---

[1]On December 2, 2008, Plaintiff responded to Defendant's Requests for Admissions asserting damages in excess of $75,000.00. Defendant contends that documents produced by Plaintiff on December 3, 2008, "verified Plaintiff was in fact going to chart the stunning course of seeking damages in excess of $75,000....It was not until this time in December 2008 that Defendant knew, for the first time, Plaintiff was going to seek damages in excess of $75,000." Def.'s Resp. at p. 5.

[2]Plaintiff subsequently hired counsel.

> I do not have the name and address of the company at this time. I will add it to this information when I obtain it. Also, I will get a price from an additional boat builder. I will add the cost of all other items above mentioned when I obtain a complete list of prices including all electronics that were on the boat.

*Id.*

*Pro se* pleadings are to be construed liberally. *See Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990). However, even without liberal construction, it is apparent from the foregoing Response that Plaintiff sought damages which exceeded the jurisdictional limit. Replacement of a 44 foot boat at a cost of $2,500.00 per foot would come to $110,00.00. Further, in its Requests for Production of Documents, Defendant requested that Plaintiff produce "any and all...estimates of property damage...in connection with the claim which is the subject of this lawsuit." *See* Def.'s Requests for Prod., attached as Ex. "B" to Pl.'s Mot. On February 26, 2008, Plaintiff provided a $413,000.00 estimate for a new boat replacement, as well as a $150,000.00 advertisement for a used boat replacement. *See* Resp. to Def.'s Request for Prod. of Docs., attached as Ex. "B" to Pl.'s Mot.

It matters not, as CSX suggests, that Plaintiff may ultimately be unable to recover the replacement cost of his boat under Mississippi law.[3] "With respect to the

---

[3] CSX asserts that it was not aware that Plaintiff was seeking in excess of the jurisdictional amount until December 3, 2008, when it received documents containing a $240,313.24 estimate for a new boat replacement. *See* Estimate, attached as Ex. "6" to Def.'s Resp. However, the company that generated the $240,313.24 estimate upon which CSX relies was the same company that generated the $413,000.00 replacement estimate included in Plaintiff's February 26, 2008, Responses to Defendant's Requests for Production. Defendant argues that Plaintiff's Responses to the Requests for Production did not put it on notice of the amount of damages sought since "the purchase of an expensive new boat as the replacement for a boat of little to no value...is not the proper measure of damages."

amount in controversy, damages are measured based on what is pled, not the relative likelihood of actually securing a particular award." *Volentine v. Bechtel, Inc.*, 209 F.3d 719, at *2 (5th Cir. 2000) (*citing Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961)). The Court is persuaded that Plaintiff's Responses to Defendant's Interrogatories and Requests for Production made it "unequivocally clear and certain" that Plaintiff sought damages in an amount exceeding the jurisdictional minimum. Defendant should have therefore first ascertained that the case had become removable upon receipt of Plaintiff's signed Responses.

There is no serious dispute that Plaintiff provided Defendant copies of his Responses to Interrogatories and Requests for Production on January 29, 2008, and February 26, 2008, respectively. However, the record reflects that neither pleading was signed by Plaintiff until March 19, 2008, when they were filed in state court. March 19, 2008, is therefore the operative date that commenced the thirty day removal clock under § 1446(b). *See O'Keefe v. State Farm Fire & Casualty Co.*, No. 1:08cv600, 2009 WL 95039, at *6 (S.D. Miss. 2009). Defendant's Notice of Removal, dated December 24, 2008, was untimely as it was filed more than thirty days after March 19, 2008.

Moreover, pursuant to § 1446(b), "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after

---

*See* Def.'s Resp. at p. 2. The Court sees no reason the latter estimate would have put Defendant on any better notice that the amount of damages sought exceeded the $75,000.00 jurisdictional requirement than the earlier estimate submitted by Plaintiff.

-5-

commencement of the action." 28 U.S.C. § 1446(b). An equitable exception to the one year limitation is provided "[w]here a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights." *Tedford v. Warner-Lambert Co.*, 327 F.3d 428-29 (5th Cir. 2003). Because there is no evidence of forum manipulation concerning the amount in controversy, the Court finds that application of the equitable exception to the one year limit is not warranted. This case had been pending in state court for nearly sixteen months before it was removed to this Court. Removal of this case was therefore untimely for this second reason as well. The Court concludes that this case must be remanded to the County Court of Harrison County, Mississippi.

Section 1447 states in part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Where a court remands, "[t]here is no automatic entitlement to an award of attorney's fees. Indeed the clear language of the statute makes such an award discretionary." *Lee v. Advanced Fresh Concepts Corp.*, 76 Fed. App'x 523, 524 (5th Cir. 2003) (*quoting Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000)). "A court should not award fees when 'the defendant had objectively reasonable grounds to believe the removal was legally proper' at the time of removal." *Id.* (*quoting Valdes*, 199 F.3d at 293). Based upon the record before the Court, the Court does not find that an award of attorney's fees is warranted under these circumstances. "Although from time to time factual situations may arise in which the district court is required to award attorney's fees, the mere

determination that removal was improper is not one of them." *Valdes*, 199 F.3d at 292.

### III.  CONCLUSION

This case was removed untimely pursuant to 28 U.S.C. § 1446(b) and must be remanded to the County Court of Harrison County, Mississippi.  Plaintiff is not entitled to an award of attorney's fees pursuant to 28 U.S.C. § 1447(c).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion to Remand [3] of Plaintiff Terry Snipes, filed in the above captioned cause, should be and is hereby **GRANTED IN PART AND DENIED IN PART**.  The Motion is granted to the extent it seeks remand and denied to the extent it seeks attorney's fees.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the above-captioned cause is hereby remanded to the County Court of Harrison County, Mississippi, and that a certified copy of this Order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 29 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED**, this the 31st day of August, 2009.

*s/ Halil Suleyman Ozerde*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE